DOMINIC ROSE, PETITIONER, DEFENDANT IN CERTIOR-
ARI, v. WAGNER CONSTRUCTION COMPANY, RESPOND-
ENT, PROSECUTOR IN CERTIORARI.

Argued November 7, 1923—Decided March 3, 1924.

Workmen's Compensation—May the Commissioner Set Aside
His Judgment Already Entered in County Clerk's Office
and Order a Retrial? Held, That He Has That Power.

On *certiorari*.

Before Justices TRENCHARD and PARKER.

For the prosecutor, *Collins & Corbin*.

For the defendant, *Morris W. Lieberman*.

PER CURIAM.

This is a *certiorari* to the award of compensation by the
deputy commissioner of labor. The fundamental question
raised is whether that commissioner has jurisdiction to open
a judgment entered by him and to order a retrial. Such was
the action taken and, although the case has not been reheard,
this writ was allowed. There may be some question as to
whether *certiorari* in such a case will lie before final judg-
ment on the rehearing; but we have deemed it better to
consider this matter on its merits.

The petitioner was working at the Jersey City yards of
the Erie Railroad Company when his leg was accidentally
crushed in a turntable and had to be amputated. Claiming
to be the employe of the Erie Railroad Company, and on
the theory that the injury had been sustained in interstate
commerce, he brought suit in the federal court in New
York under the federal statute. The trial of that suit was
apparently delayed and, while it was pending, he brought
the present action under the Workmen's Compensation act

against both the Erie Railroad Company and the Wagner Construction Company in the alternative. Those companies appeared for trial on the day set, and petitioner did not appear. The deputy commissioner, after granting an adjournment of a few hours, went on with the case in the afternoon in the absence of petitioner. The Wagner Construction Company admitted that it was the employer and consented to the compensation award; the Erie moved for and obtained a dismissal. The deputy commissioner thereupon signed a judgment, which was entered as required by the statute in the county clerk's office. The claim of the prosecutor is that the jurisdiction of the commissioner ended at this point. However, counsel for petitioner went afterwards to the deputy commissioner and obtained from him an order vacating his previous order for judgment and setting aside "all judgments entered in any court," and placing the case again on the commissioner's calendar for hearing. It is claimed that the deputy commissioner had no power to take this action and that the previous judgment should stand irrevocably, except as affected by right of appeal. It is also claimed that after the judgment had been docketed or entered in the county clerk's office the commissioner lost all power over it.

We cannot agree to the proposition that the commissioner's power over his judgment ceased because it was docketed in the county clerk's office. As we read the statute, it did not become a judgment at all until so docketed or entered, and its entry in the county clerk's office was no different from the entry of a judgment in the Court of Common Pleas or in the Circuit Court. That office is the depository of the records of both courts and, under the statute, of the disposition by the commissioner or deputy commissioner, of these compensation cases; so that if he had jurisdiction to open the judgment at all the mere fact that it had been entered of record in the county clerk's office would not affect that jurisdiction.

We are brought, therefore, to the question whether there was jurisdiction to open the judgment, and we conclude that

there was. It is argued for petitioner, by analogy, that the powers of district courts to open judgments and award a new trial indicate a similar power here. But it must be remembered that in the case of district courts there is a statutory authority in that regard. On the contrary, in the case of justices' courts, it was plain that they had no power to award new trials, and it was for that very reason that the Supreme Court was liberal in setting aside judgments of justices' courts on *certiorari* in cases of surprise. A reading of the old decisions in *Terhune* v. *Barcalow*, 11 *N. J. L.* 40, 42, and of *Combs* v. *Johnson*, 12 *Id.* 205, will elucidate this point.

But we consider that the statute does confer power to open such judgments, if not expressly, yet by plain implication. Section 11 of the act of 1918, page 433, both in its form as there enacted, and as amended in 1921 (page 733), provides that "the judgment of the said bureau shall be final and conclusive between the parties, and shall bar any subsequent action or proceeding, unless reopened by the said bureau or appealed as hereinafter provided." It is argued for the prosecutors that the subsequent portion of the statute contains no provision with respect to reopening judgment and does contain provisions with reference to appeal, and that we should, therefore, conclude that, because there is no provision for reopening as thereinafter provided, there can be no reopening. Our reading of the statute leads to precisely the opposite result. Taking the provision as a whole and in connection with its context, our construction of the same is that the clause "as hereinafter provided" refers to the appeal and not to the reopening; in other words, that a correct construction of the sentence calls for a comma after the word "bureau." So read, there is, as we have just said, a plain implication of power to reopen, and this implication is in no way impaired by the previous provision in section 10 with respect to modifying awards of compensation.

We conclude, therefore, that the writ should be dismissed.